IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE PETROFF COMPANIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1146-SMY |
| | ) | |
| LOCAL UNION 520, INTERNATIONAL | ) | |
| UNION OF OPERATING ENGINEERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff The Petroff Companies, Inc. filed the instant lawsuit pursuant to 29 U.S.C. § 158(b)(4) against Defendant Local Union 520, International Union of Operating Engineers ("Local 520"), alleging federal unfair labor practices. This case is now before the Court for consideration of Local 520's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 10), to which Petroff opposed (Doc. 12). For the following reasons, the Motion is **GRANTED in part**.

### Background

Petroff makes the following relevant allegations in the Complaint: Petroff is a business that hauls materials used in demolition and construction projects. Petroff, as the low bidder, has been awarded demolition contracts with St. Clair County, Illinois on several occasions. St. Clair County issued a demolition bid in project 21-02-ESL (the "Project") on August 11, 2021, with bids due by August 25, 2021. Petroff submitted the low bid on the Project. However, in September 2021, Local 520 threatened, coerced, or restrained St. Clair County with job interference if the contract were awarded to Petroff. Local 520's actions and conduct constituted an unfair labor practice and

were taken to force or require the County to stop doing business with Petroff. As a direct result of Local 520's actions, St. Clair County rejected Petroff's low bid and awarded the project contract to S. Shafer Excavating, a higher bidder. Petroff seeks compensatory damages.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations must give the defendant fair notice of the claims being asserted and the grounds upon which they rest and "be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*.

Petroff's Complaint alleges a violation of 29 U.S.C. § 158(b)(4)(ii)(B), a provision of the National Labor Relations Act that prohibits what is referred to as "secondary boycotts." Specifically, § 158(b)(4)(ii)(B) makes it unlawful for a union "to threaten, coerce, or restrain any person engaged in commerce" where "an object thereof is ... forcing or requiring any person to cease ... doing business with another person." 29 U.S.C. § 158(b)(4)(ii)(B). The phrase "threaten, coerce, or restrain" is to be interpreted with caution and not given a broad sweep. *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 578 (1988). Governmental lobbying by a union, such as peaceful handbilling or persuading managers of secondary businesses to not contract with primary employers "is not an unfair labor practice and

is squarely protected under the First Amendment." *DeBartolo Corp.,* 485 U.S. at 578. But conduct "that reasonably can be expected to threaten neutral parties with ruin or substantial loss can constitute an unfair labor practice because it is coercive." *NLRB v. Retail Store Emp. Union, Local 1001*, 447 U.S. 607, 614 (1980).

Petroff does not sufficiently allege that Local 520 violated the NLRA by engaging in illegal secondary boycotting – it alleges only that Local 520 "threatened, coerced, or restrained St. Clair County with job interference if the contract were awarded to Petroff." This conclusory statement is the sole allegation in the Complaint and does not state a plausible claim or to give Local 520 fair notice of the claims against it.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's Complaint is **DISMISSED without prejudice**. Defendant's Motion for More Definite Statement is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  May 5, 2022**

**STACI M. YANDLE**
**United States District Judge**